481 P.2d 278

.The STATE of Arizona, ex rel. Moise BERG-
ER, Maricopa County Attorney,
Petitioner,

v.

The Honorable Ed W. HUGHES, Judge of
the Superior Court of Maricopa County;
Thomas D. McCormick, Real Party in In-
terest, Respondents.

No. I CA–CIV 1598.

Court of Appeals of Arizona,
Division 1,
Department A.

March 1, 1971.

Rehearing Denied March 16, 1971.
Review Denied April 6, 1971.

Moise Berger, The County Atty., Mari-
copa County, by William F. Bennett, Depu-
ty County Atty., Phoenix, for petitioner.

Rawlins, Ellis, Burrus & Kiewit by
James M. Marlar, Phoenix, for real party
in interest Thomas D. McCormick.

STEVENS, Presiding Judge.

Thomas D. McCormick, the real party in
interest before this Court, is accused in the
Superior Court of the offense of the illegal
possession of marijuana. In the Superior
Court, McCormick appeared before the Re-
spondent Judge, The Honorable Ed W.
Hughes, seeking to suppress the marijuana
and to compel the State to disclose the
name and other information relative to the
confidential informant. The motion to
suppress was denied and the motion to dis-
close was ordered granted. The County
Attorney seeks relief from the latter by a
special action filed in this Court.

After an informal hearing in relation to
the petition for special action (Rule 7 of
the Special Action Rules, 17 A.R.S.) and
to enable this Court to determine whether
it should assume jurisdiction, this Court
took the matter under advisement and di-
rected that the reporter's transcript of the
preliminary hearing as well as the report-
er's transcript of the Superior Court pro-
ceedings be forwarded to this Court.
These transcripts have been received. The
order which directed the forwarding of the
transcripts also provided:

> "IT IS ORDERED, pending further or-
> ders of this Court, that the Respondent
> Judge is restrained from enforcing the
> order requiring the disclosure of infor-
> mation as to the confidential informant.
> This order does not preclude the trial of
> the Superior Court cause. In the event
> of the trial thereof, prior to any further
> order of this Court, the petitioner is re-
> strained from using the confidential in-
> formant as a witness at said trial. This
> restraint relates to both the State's case
> in chief and to rebuttal testimony."

We state the background briefly. At ap-
proximately 11:00 p. m. on 15 May 1970, a

narcotics officer received information from a person known to him to be a reliable informant. The informant described the defendant (herein the real party in interest), the automobile used by the defendant, and the location of the automobile on a business parking lot. The informant advised the officer that the defendant would be leaving the premises wherein he was employed between twelve midnight and 1:00 a. m. on 16 May, that the defendant had marijuana in his possession, that the defendant liked to smoke marijuana, and that the informant had seen and touched the marijuana "on May 15, or within the past few days." The foregoing information was given to one officer only.

There was insufficient time between the receipt of the information and the expected departure of the defendant to secure the issuance of a search warrant. The officer, with the help of another officer, staked out the car. The defendant appeared, entered the car, occupied the driver's seat and was preparing to depart. There were two other people who accompanied him and were seated in the car, neither of whom was the informant. The informant was not present at the scene of the stakeout, the search, or the seizure.

The officers asked the three occupants of the automobile to get out and they complied. The car was searched and the marijuana was found. The officer who received the information from the informant declined to reveal any details as to the informant.

At the hearing before the Respondent Judge the defendant did not testify. He filed an affidavit to the effect that he was not guilty, that he had never possessed marijuana, and that he did not know that there was any marijuana in the car. We quote the order of the Respondent Judge:

"THE COURT: As to the motion to compel disclosure of the informant as a material witness it is the finding of the court that the affidavit of the defendant, as well as the testimony of the officers at this hearing of the motion to compel

disclosure here this morning, satisfies the burden of making the necessary showing that the informant would be a material witness on the issue of guilt and non-disclosure of his identity would deprive the defendant of a fair trial."

In the entry of this order the Respondent Judge was in error.

There are Arizona cases which appear to us to be controlling. Therein we find a review of cases from other jurisdictions. These cases are: Rivera v. Superior Court, 6 Ariz.App. 117, 430 P.2d 696 (1967); State v. James, 10 Ariz.App. 394, 459 P.2d 121 (1969); State v. Godwin, 106 Ariz. 252, 475 P.2d 236 (1970); and State ex rel. Berger v. Superior Court, 106 Ariz. 470, 478 P.2d 94 (1970). In Rivera the confidential informant was present at the time the officers observed the offense and the confidential informant participated in the transaction. The Court held that the name of the confidential informant must be disclosed. In James the trial court refused to permit the cross-examination of one of the witnesses whose name was endorsed on the information, the cross-examination relating to whether that witness was the confidential informant. The circumstances were such that the trial court's ruling was error. The situation in Godwin was somewhat similar to Rivera. In State ex rel. Berger we find a situation which, differing in the facts and type of offense, relates to principles of law very similar to the case now before us.

We hazard the guess that very few defendants charged with possession lack an interest in the name of the confidential informant and we further hazard the guess that the disclosure of that name might conceivably be useful to the defendant. These are not the tests.

We hold that the County Attorney need not disclose the name of the confidential informant. The defendant's showing before the Respondent Judge was insufficient to permit the Respondent Judge to direct that the identity of the confidential informant be disclosed.

The order heretofore issued by the Court and hereinbefore quoted is continued in effect pending the issuance of the mandate in relation to this opinion. The issuance of the mandate will constitute a directive vacating the order of disclosure entered by the Respondent Judge. In the event the County Attorney does not disclose the information as to the informant and the case goes to trial, the State shall be precluded from using the informant as a witness in the State's case in chief or in rebuttal.

CASE and DONOFRIO, JJ., concur.