515 P.2d 322

**STATE of Arizona, Appellee,**

v.

**Arnis FOX and Rene Robert Dutertre,
Appellants.**

**No. 2618.**

Supreme Court of Arizona,
En Banc.

Nov. 5, 1973.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Patrick E. Eldridge, Phoenix, for appellants.

HAYS, Chief Justice.

Defendants, Arnis Fox and Rene Robert Dutertre, were charged with possession of marijuana for sale, and possession of dangerous drugs for sale. After a trial by the court, without a jury, they were found guilty, the sentence of each was suspended, and they were placed on probation for five years. Both have appealed.

Two issues are raised: (1) should the evidence have been suppressed, on defendants' motion, because the warrant did not comply with the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964), and (2) was it error to refuse to require the State to reveal the identity of the informer?

*Aguilar, supra,* requires that the magistrate be informed of enough of the underlying circumstances to show that the informant knew what he was talking about and to enable the magistrate to evaluate the credibility of the informant. In this case, the affidavit for the search warrant stated that the informant had seen the marijuana in the defendants' apartment between November 30 and December 2, 1971; that on five occasions the informant had

given the affiant information which had been checked out by the affiant and found to be true; that the informant had purchased narcotics and dangerous drugs from known dealers, and on one occasion had done so under the affiant's direct supervision; and that the informant had used and had dealt in narcotics and dangerous drugs, and could readily identify them.

The magistrate issued the search warrant and it was served, and the apartment searched, on December 2, 1971. In our opinion, the evidence given the magistrate was sufficient under *Aguilar, supra,* to justify the issuance of the search warrant.

In addition to the marijuana for which the warrant was issued, police found and confiscated a bag of blue powder later identified as LSD, a set of scales, and various other items.

The defense was entrapment. Each defendant took the stand and testified under oath that the marijuana had been purchased from a man named Jimbo and the LSD, from a man named Jay; that they thought they were purchasing mescaline, and only later learned that the powder was LSD.

The only issue with any merit is that of the State's refusal to reveal the identity of the informant. We are fully aware of police methods in using informants and of the necessity of not revealing their identity in order that they can continue to be useful in future cases and in order to protect them from retaliation by those whom they betray.

In the instant case, the facts are unusual. Defendants had been out of town for some time and had returned to their apartment only four days before the raid. They testified that only two people had been in their apartment between their return and the raid—namely, Jay and Jimbo. The marijuana which the police found, had been sold to defendants by Jimbo, and the LSD, by Jay. Defendants, therefore, were positive that the informant named in the search warrant was one of these two men and demanded that the informant's identity

be revealed. The testifying officer refused to state the name, and the court denied a motion to reveal.

Defense counsel asked Officer Taylor whether the informant was "working off a case." The officer refused to answer. Counsel apprised the court of the reason for asking—that it was to ascertain motive or bias of the informant. The court, however, after being told by the witness that disclosure of the informant's identity might endanger the latter's life, refused to order the witness to answer.

Later, defense counsel again sought to learn the informant's identity in order to demonstrate entrapment by calling the informer as a witness. Counsel asked whether the witness supplied the informant with any money to purchase narcotics from either defendant. Again the court refused to require an answer from the witness.

It was obvious from the court's repeated rulings that it would not permit the defense to ascertain the identity of the informant. Probably as a result of these rulings counsel failed to ask whether the informant sold to either defendant any of the marijuana or LSD found in their apartment. This question would have been relevant, since defendants' testimony showed that only Jay and Jimbo had been in the apartment during the period that the informer observed marijuana in it. If this testimony were true, the informant had to be one of them. Since each of them had sold the contraband to the defendants, if either seller was the informant working for the police, entrapment would have been proved. As we stated in State v. Boccelli, 105 Ariz. 495, 467 P.2d 740 (1970):

"We know of no conviction for the sale of narcotics that has been sustained when the narcotics sold were supplied by an agent of the government."

Though defense counsel did not ask the specific question of whether the informant had sold any of the contraband found during the search, it would obviously have been a futile gesture because of the court's apparent determination (and that of the

witness) not to reveal the identity of the informant. Defendant had a right to the answer to that question because if the answer were no, it would not have endangered the informant. However, if the answer were yes, then there could be no conviction (*Boccelli, supra*) and the informant still would not have to be revealed. The test in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), is whether the disclosure of an informant's identity is relevant and helpful to the defense or is essential to a fair determination of the cause. In such cases, the identity must be revealed or the prosecution must suffer a dismissal.

Defendant also claims that the warrant was only to search for marijuana and that the seizure of the LSD was unjustified. Since, however, it was discovered in the carrying out of a lawful search, the officer had the right and duty to take possession of it, he testified that it appeared to be LSD mixed with some blue powder.

The issue of entrapment has been the defense from the beginning and is argued in the briefs before this court. As we have indicated, the refusal to force the witness to answer questions about the informer's identity may have resulted in a conviction for possession of contraband sold to the defendants by an informer employed by the police. This matter will have to be resolved. Without such resolution, we may be dealing with a conviction that cannot stand. The case, therefore, is remanded to the trial court with instructions to hold a hearing in the presence of the defendant, his attorney, the county attorney and a court reporter, at which time the court shall ascertain whether the informant sold either defendant any of the marijuana or LSD found in the defendants' apartment. If the answer is "yes" as to either drug, the conviction based on such affirmative answer shall be vacated. If the answer is "no," the court shall so report to this court and the conviction will be affirmed. If the answer is equivocal, then the prosecutor shall be required to produce the informer for cross-examination by the defendants, in default of which, the conviction shall be reversed.

Remanded with instructions.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.