517 P.2d 523

The STATE of Arizona ex rel. Moise BER-GER, Maricopa County Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Frederic Heineman, Judge thereof, Respondent;

Daniel Jay SORUM, Real Party in Interest.

No. 1 CA–CIV 2581.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 8, 1974.

Rehearing Denied Feb. 5, 1974.

Review Denied March 12, 1974.

Moise Berger, Maricopa County Atty., by Harvey R. Jackson, Deputy County Atty., Phoenix, for petitioner.

Mehrens & Pearce, P. A., by Craig Mehrens, Phoenix, for real party in interest.

## OPINION

EUBANK, Judge.

This petition for special action by the State of Arizona on the relation of the Maricopa County Attorney seeks reversal of an order of the Superior Court entered in a pending criminal action being prosecuted against Daniel Jay Sorum, the real party in interest here. The order involved requires the State either to disclose the identity of a confidential informant who supplied certain information to the police, or have the charges against Sorum dismissed.

A special action is appropriate to obtain appellate review of such an order.

State ex rel. Berger v. Superior Court, 106 Ariz. 470, 478 P.2d 94 (1970); State ex rel. Berger v. Hughes, 14 Ariz.App. 107, 481 P.2d 278 (1971).

In the order complained of, the trial court found the following facts:

Real party in interest Sorum is charged with three offenses: possession of marijuana, possession of dangerous drugs (amphetamines), and possession of a narcotic drug (cocaine). These charges arose from evidence discovered during a search of a house pursuant to a search warrant which was issued on the basis of information supplied to police by a confidential informant. The affidavit for the warrant alleged that the informant had personally been in that house within two days prior thereto and had seen one "Bob" in possession of cocaine therein, and that he was still in possession of it when the informant left. When the warrant was executed, Sorum answered the door. Police found a Robert Saarloos, assumed by both parties to be the "Bob" referred to in the affidavit, asleep in one bedroom, in which they found marijuana. They also found marijuana, amphetamines, and cocaine in the other bedroom, which they believed was occupied by Sorum. In addition, a quantity of hashish was found on Sorum's person. Sorum denied any knowledge of or connection with the cocaine.

Based on these findings, the trial court concluded that Sorum had met his burden of demonstrating a reasonable possibility that the informant could give material evidence on the issue of his guilt of the charge of possession of cocaine, and ordered that the identity of the informant be disclosed or that all three charges would be dismissed.

The U. S. Supreme Court has declared that the problem of determining whether to require disclosure of an informant's identity "is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous

must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628–629, 1 L.Ed.2d 639, 646 (1957).

■ The burden of establishing that a balancing of the factors discussed in Roviaro, supra, requires disclosure, is on the defendant. State ex rel. Berger v. Superior Court, supra. In all of the Arizona cases which have come to our attention, disclosure has been required only where the informant himself actually participated in the commission of the offense charged or in entrapment, or where he was present during its commission, except for State v. Martinez, 15 Ariz.App. 430, 489 P.2d 277 (1971). See, e. g., State v. Fox, 110 Ariz. 77, 515 P.2d 322 (1973); State v. McKinney, 108 Ariz. 436, 501 P.2d 378 (1972); State v. Godwin, 106 Ariz. 252, 475 P.2d 236 (1970); State v. James, 10 Ariz.App. 394, 459 P.2d 121 (1969); Rivera v. Superior Court, 6 Ariz.App. 117, 430 P.2d 696 (1967). In Martinez the defendant, in carrying his burden of showing the necessity for disclosure, presented substantial evidence of the materiality of the informant's testimony, in that the informant could establish the identity of the person who he had reported was selling heroin from a certain hotel room, in which the defendant was later found. The defendant claimed to have arrived only moments before he was found there and to be there for a completely innocent purpose. The seller's identity was therefore crucial, and since this was known to the informant, disclosure was required.

On the other hand, where the defendant does not show a reasonable possibility that the informant could give evidence on the issue of guilt which might result in exoneration, the defendant has not met his burden, and disclosure is not required. See, e. g., State v. Nicholson, 109 Ariz. 6, 503 P. 2d 954 (1972); State ex rel. Berger v. Superior Court, supra; State v. De La Cruz,

19 Ariz.App. 166, 505 P.2d 1057 (1973); State v. Aikins, 17 Ariz.App. 328, 497 P.2d 835 (1972); State ex rel. Berger v. Hughes, 14 Ariz.App. 107, 481 P.2d 278 (1971); State v. Castro, 13 Ariz.App. 240, 475 P.2d 725 (1970).

■ Real party in interest Sorum has not alleged in any way what evidence the informant herein might be expected to give on the issue of Sorum's guilt of possession of a narcotic drug at the time of the search. He has merely alleged that the informant has information central to his defense and which might exonerate him, without specifying what that information might be. Neither this bare allegation nor the trial court's findings show that the informant was present at the scene of the crime, that he was a participant therein or witness thereto, that he overheard any statements relating to it, that he helped entrap Sorum, or that he has any information of any kind relevant to the merits of this case. The findings establish only that the informant saw someone else with cocaine prior to the search. Direct testimony to this effect would not affect Sorum's guilt or innocence, as there is no showing that the cocaine seen previously and that found during the search were the same, and if there were such a showing it would not exonerate Sorum, as more than one person may possess contraband at the same time. The fact that the informant saw "Bob" with cocaine two days before the search is not relevant to the question of whether Sorum was in possession of cocaine during the search, and that is all that has been shown about informant's information. A mere possibility or speculative hope that an informant might have other information which might be helpful to the defendant is insufficient. As stated in State ex rel. Berger v. Hughes, supra: ". . . [V]ery few defendants charged with possession lack an interest in the name of the confidential informant and . . . the disclosure of that name might conceivably be useful to the defendant. These are not the tests." 14 Ariz.App. at 108, 481 P.2d at 279 (1971).

Real party in interest Sorum has failed to meet the burden imposed on him by the above authorities to justify an exception to the basic policy of protecting an informant's identity, and the balance of interests in this case clearly rests in favor of the State.

Finally, even if we assume for argument purposes that the trial court's order was correct, with respect to the charge of possession of cocaine, it was error to require the disclosure of the informant or suffer dismissal of the marijuana and amphetamines charges since the informant could not be a material witness for the defendant on those charges under the facts presented here.

The order of the Superior Court dated December 6, 1973, requiring disclosure of the identity of the informant in this case is vacated, and that court is directed to enter an order denying Sorum's motion to compel disclosure.

JACOBSON, Chief Judge, Division 1, and HAIRE, P. J., concur.