537 P.2d 920

**STATE of Arizona, Appellee,**

v.

**Ida Cordova CAMARGO and Carlos Miranda Espinoza, Appellants.**

**No. 3130–PR.**

Supreme Court of Arizona,
En Banc.

July 15, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Browning, Druke & Hawkins by John G. Hawkins, Tucson, for appellant Camargo.

John M. Neis, Pima County Public Defender by Anne-Marie Brady, Asst. Public Defender, Tucson, for appellant Espinoza.

HAYS, Justice.

The Tucson home of Carlos Espinoza was searched pursuant to a warrant which had been based on the information of a confidential informant. The informant had observed Espinoza in possession of heroin and cocaine. There was no mention of appellant Ida Camargo. When the warrant was executed by the police, heroin was found in the dresser drawers and marijuana in a small bottle on top of the dresser. Camargo said that she was the common-law wife of Espinoza. Espinoza claimed that all of the contraband was his. This was contradicted at trial by Camargo's testimony that she knew of the marijuana, but not of the heroin.

Both were tried for possession of heroin for sale and possession of marijuana. Espinoza was convicted on both counts. Camargo was found guilty of possession of marijuana only.

The Court of Appeals affirmed the judgment of guilt of both appellants Espinoza and Camargo, modifying the sentences imposed only as to the conditions of Espinoza's probation. State v. Carmargo, 23 Ariz. App. 47, 530 P.2d 893 (1975). This court accepted the appellants' petition for review. The opinion of the Court of Appeals is vacated.

## I. Appellant Camargo

Appellant Camargo contends that the trial judge committed error in refusing to require the state to disclose the identity of its confidential informant to her. We disagree.

The defendant bears the burden of showing that the informant is likely to have evidence bearing on the merits of the case. State ex rel. Berger v. Superior Court, 111 Ariz. 429, 531 P.2d 1136 (1975). At the very least, there must be some showing of the materiality of the informant's testimony. See State ex rel. Berger v. Superior Court, 21 Ariz.App. 170, 517 P.2d 523 (1974). According to the affidavit for the search warrant, the confidential informant knew of Espinoza's possession of heroin and cocaine. The finding of marijuana in the house was incidental to the search for other contraband. Camargo was found innocent of the charge of possession of heroin for sale. No showing has been made of the necessity to disclose the informant's identity to her.

## II. Appellant Espinoza

Appellant Espinoza first contends that the search warrant was invalid due to the unreliability of the confidential informant and the staleness of the information, and that his motion to suppress the evidence should have been granted.

In considering the constitutionality of a search warrant based on an informant's tip, the primary issue is whether the information is inherently reliable. State ex rel. Flournoy v. Wren, 108 Ariz. 556, 498 P.2d 444 (1972). Search warrants are only issued on probable cause. A.R.S. § 13–1443. The reliability of the informant is a factor in the determination of probable cause. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). There was not only a controlled

**52**

buy, but the informant was known to the affiant. There was sufficient evidence of the informant's reliability to meet the tests of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The fact that there was a delay of approximately 72 hours between the time the drugs were seen by the confidential informant to be in Espinoza's possession and the time that the warrant was issued does not invalidate the warrant. The drugs were not on the person of Espinoza but in his home, unlike State v. Hutton, 110 Ariz. 339, 519 P.2d 38 (1974), and 72 hours is a period of time for which it is reasonable to believe that the contraband would still be present in the home.

Espinoza was sentenced to serve from two to four years in the Arizona State Prison for the possession of marijuana and placed on probation for ten years for the possession of heroin for sale. The trial judge ordered as conditions of probation that Espinoza be turned over to federal officers for deportation proceedings at the beginning of the probationary period and that he not reenter the United States during that time. The Court of Appeals held that the trial court could not order Espinoza to be deported nor could it condition probation upon not reentering the United States for a period of time.

■■■■ The federal power over aliens is exclusive and supreme in matters of their deportation and entry into the United States. Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941). Aliens who violate any narcotic drug or marijuana law are deported pursuant to an order of the United States Attorney General. 8 U.S.C.A. § 1251(a)(11). A court can order as a condition of probation that the probationer comply with the law, federal as well as state. The trial judge can therefore order that Espinoza be turned over to the appropriate authorities for proceedings not inconsistent with the law. A state trial judge cannot, however, make a decision that controls the entry of an alien into the United States. Such control is exclusive to the United States and without the jurisdiction of a state court. If Espinoza were to illegally reenter Arizona, it would be a violation of the terms of his probation. Legal reentry would not be, but the legality is a matter of federal law.

The judgments of guilt of both appellants and their sentences are affirmed, except that the conditions of probation of Espinoza are modified as set forth above.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.