570 P.2d 780

**The STATE of Arizona, Appellee,**

v.

**Oscar JOHNSON, Jr., Appellant.**

**No. 2 CA–CR 983–2.**

Court of Appeals of Arizona,
Division 2.

June 13, 1977.

Review Denied Sept. 15, 1977.

Bruce E. Babbitt, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was found guilty of unlawful sale of narcotic drugs and placed on probation for a period of five years on January 7, 1976. Subsequently, his probation was revoked on a petition alleging that on May 10, 1976, he was arrested for unlawful possession of heroin and unlawful possession of heroin for sale.[1]

Appellant raises two grounds for reversal: (1) the court's refusal to order disclosure of a confidential informant and (2) the nonvoluntariness of appellant's admission of the alleged probation violation.

The first ground has already been considered and rejected by this court in our

---

1. Probation also was revoked in cause No. A–25443, and we affirmed by memorandum decision. (2 CA–CR 960).

memorandum decision filed February 16, 1977, in *State v. Johnson* (2 CA–CR 960).

Appellant's second contention is that his admission was involuntary and the result of coercion. He claims the record does not reflect a determination of voluntariness by the court, that there was no specific finding of a factual basis for the admission, and that he was not advised by the court in accordance with Rule 27.8(c), (d) and (e).

Rule 27.8, Rules of Criminal Procedure, as amended, provides:

"Before accepting an admission by a probationer that he has violated a condition or regulation of his probation, the court shall address him personally and shall determine that he understands the following:

"(a) The nature of the violation of probation to which an admission is offered.

"(b) His right to counsel if he is not represented by counsel.

"(c) His right to cross examine the witnesses who testified against him.

"(d) His right to present witnesses in his behalf.

"(e) If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at the trial.

"The court shall also determine that the defendant wishes to forego these rights, that his admission is voluntary and not the result of force, threats or promises and that there is a factual basis for the admission."

We agree that the requirements of Rule 27.8, supra, were not met. At the revocation hearing, counsel advised the court that an agreement had been reached and appellant no longer wished to deny the allegations contained in the amended petition. The court then stated:

"Now, let's see if Mr. Johnson agrees, and I'll go very slowly, Mr. Johnson. The agreement between counsel, and subject to your approval and my approval is as follows: that if you will admit the allegations in case No. A–27151, which reads that the probation officer believes there is sufficient evidence for finding of probable cause in that on May 10, 1976, the Defendant was arrested for unlawful possession of heroin and unlawful possession of heroin for sale, as outlined in the Tucson Police Report 942632, which is the same factual background for the finding of the Honorable Robert Buchanan in Division XIII of this Court, which led to your sentence on September 10, 1976, to the Arizona State Prison for a period of 9 and 9½ years. Then, in that event, case No. A–30225, which is the specific charge for what you did on May 10, 1976, will be dismissed with prejudice, with leave to re-file the Indictment in that case should you be successful, if you appeal from the judgment and sentence in Judge Buchanan's case and the judgment and sentence in this case, which will be concurrent."

Appellant said "yes" and indicated that he was satisfied with the agreement of counsel. The court then asked appellant if he wanted the court to accept his admission and pronounce sentence at that time. Appellant again said "yes." The court went on to advise appellant that he would not be eligible for release from prison until he had served not less than five years and appellant indicated that he understood. The following colloquy then took place:

"The Court: Alright. Do you admit or deny the allegation in the amended petition to revoke probation as I have read it to you, which amended petition was filed September 17, 1976?

"The Defendant: Yes.

"The Court: You admit it?

"The Defendant: Yes.

"The Court: No doubt?

"The Defendant: No.

"The Court: Do you wish to waive the time and be sentenced at this time, because the finding of the court will be, and

is, that the amended petition to revoke probation is granted and that the probation should be revoked and the Defendant sentenced to prison in accordance with A.R.S. § 13–1002.2 [sic]. Do you wish to be sentence at this time?

"The Defendant: Yes, sir."

No inquiry was made as to whether appellant understood and wished to forego the rights set forth in rule 27.8; there was no determination that his admission was in fact voluntary or that there was a factual basis for the admission.

We do not believe, however, that Rule 27.8 has any application where appellant's probation in another matter already had been revoked for the same offense by a different judge. Rule 27.7(e), Rules of Criminal Procedure, as amended, provides:

"If there is a determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a dispositional hearing  .  .  .."

The purpose of the foregoing rule is to conserve judicial effort. If there has been a prior judicial determination as to the truth of the facts upon which the petition for revocation is based, there is no need to go through it again.

Rule 26.1(c), Rules of Criminal Procedure, states:

"c.  .  .  . The term determination of guilt means a verdict of guilty by a jury, a finding of guilt by a court following a non-jury trial, or the acceptance by the court of a plea of guilty or no contest."

Although technically there was no finding of "guilt" in the other revocation, the judge there necessarily found the allegations of the petition to be true. This is all that *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), requires. Appellant has had his day in court on the facts.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.