755 P.2d 1203

**STATE of Arizona, Appellee,**

v.

**Ruben Ruiz JURADO, Appellant.**

**No. 1 CA–CR 11736.**

Court of Appeals of Arizona, Division 1, Department A.

June 2, 1988.

216

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Mary Lynn Bogle, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge.

In this action, defendant Ruben Ruiz Jurado appeals from the order revoking his probation. We consider the single issue of whether the trial court had jurisdiction to determine that Jurado breached one of the conditions of his probation by reentering the country in violation of federal law.

Jurado pled guilty to one count of theft. The plea agreement reflected the fact that Jurado was an illegal alien at the time he committed the offense and that he would be subject to deportation by the United States Immigration and Naturalization Service (USINS) after serving the sentence that the court imposed. The agreement provided that Jurado would be placed on probation and that, as one of the conditions of probation, he would not enter or remain in the United States illegally during the probation period. He was sentenced in accordance with these provisions and was placed on probation for three years.

Jurado's term of probation began on October 28, 1985. He was deported to Mexico on November 25, 1985. Thereafter, Jurado's probation officer filed a petition to revoke his probation on the ground that he had reentered the United States illegally after being deported. When Jurado failed to appear at the scheduled probation violation hearing, a bench warrant for his arrest was issued.

Jurado was arrested on May 2, 1987. A probation violation hearing was held on June 12, 1987. At the conclusion of the hearing, the trial judge found that Jurado had violated the conditions of his probation by reentering the country illegally. His probation was revoked and he was sentenced to .75 years in prison.

On appeal, Jurado maintains that since federal courts have exclusive jurisdiction over cases involving the entry of aliens into the United States, only a federal court could consider the legality of his reentry. He therefore contends that the trial court could not revoke his probation on the ground that he had violated its conditions by reentering the country illegally because the court did not have jurisdiction to determine that his reentry was illegal. We disagree.

When a sentencing court suspends the imposition or execution of sentence and places a defendant on probation, it may impose upon the defendant "such conditions as will promote rehabilitation." Rule 27.1, Arizona Rules of Criminal Procedure. One of the standard conditions that may be imposed is that the defendant will "[a]t all times be a law-abiding citizen." Other conditions may draw the defendant's attention to specific laws that he must obey to retain his probationary status. Still other conditions may deal with aspects of the defendant's conduct that are not covered by statutory provisions.

When a defendant's probation officer has reason to believe that the defendant has violated one of the conditions of his probation, he may file a petition to have the defendant's probation revoked. Rule 27.5(a), Arizona Rules of Criminal Procedure. If the defendant denies having violated the condition in question at the revocation arraignment, a probation violation hearing will be held. Rule 27.7(a)(3), Arizona Rules of Criminal Procedure. The purpose of the probation violation hearing is to enable the

trial judge to determine whether there is sufficient evidence to support a factual finding that the allegations of the petition to revoke probation are true. *See State v. Johnson*, 117 Ariz. 9, 11, 570 P.2d 780, 782 (App.1977).

For purposes of the probation violation hearing, the trial judge's inquiry is the same whether the defendant's alleged violation involves breaking a law or engaging in conduct that is not regulated by statute. In either case, the sole issue at the hearing is whether a preponderance of the evidence supports a finding that the defendant in fact violated the condition in question. *See* Rule 27.7(b), Arizona Rules of Criminal Procedure. If the trial judge finds that a violation has occurred, he must specifically identify the facts that establish the violation. Rule 27.7(b)(4), Arizona Rules of Criminal Procedure.

■ The probation violation hearing does not take on the character of a criminal prosecution when the alleged violation involves breaking a particular law. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656, 661–62 (1973). While the incident that gave rise to the alleged violation may also have given rise to criminal charges, the defendant's guilt or innocence on those charges is not determined at the probation violation hearing. *State v. Alfaro*, 127 Ariz. 578, 579, 623 P.2d 8, 9 (1980). Consequently, the court need not have jurisdiction to hear the criminal action against the defendant to determine whether a preponderance of the evidence supports a factual finding that the defendant violated a condition of his probation by breaking the law in question. *See United States v. Chambers*, 429 F.2d 410 (3d Cir.1970); *United States v. Mills*, 444 F.Supp. 26 (E.D.Tenn.1977); *People v. Beaudrie*, 147 Cal.App.3d 686, 195 Cal. Rptr. 289 (1983); *Hernandez v. State*, 556 S.W.2d 337 (Tex.Crim.App.1977).

*State v. Camargo*, 112 Ariz. 50, 537 P.2d 920 (1975), the sole case cited by the defendant, does not require a different result. In *Camargo*, the trial judge ordered as conditions of probation that the defendant be turned over to USINS officials for deportation proceedings and that he remain outside the United States during the probation period.

The Arizona Supreme Court recognized that the federal government has exclusive power over matters dealing with the entry and deportation of aliens. It therefore found that the trial judge did not have jurisdiction to order that the defendant be deported or that he remain outside the United States during the term of his probation. It found that the judge did have jurisdiction to impose a condition of probation requiring the defendant to comply with all federal as well as state laws. The court noted that the defendant would violate such a condition if he entered the country illegally and stated that the legality of his entry would be a matter of federal law.

■ In the present case, the conditions of Jurado's probation required him to obey the law at all times and not to "enter, remain in or return to the United States illegally" during the term of his probation. The petition to revoke probation alleged that Jurado had breached these conditions by reentering the United States in violation of 8 U.S.C. § 1326 (1983). Section 1326 makes it a felony for an alien to reenter the United States after being deported without first obtaining the Attorney General's express consent to reapply for admission. Pursuant to 8 U.S.C. § 1329 (1983), the federal district courts have jurisdiction over cases arising under § 1326.

It is clear, as the *Camargo* court recognized, that the legality of an alien's reentry is a question of federal law. It is also clear that in the present case, only a federal district court would have jurisdiction to determine whether Jurado was guilty of committing a felony by violating § 1326. However, as we have previously explained, there is a difference between a probation violation hearing and a criminal prosecution. The procedures governing probation violation hearings are set forth by Rules 27.5–27.9, Arizona Rules of Criminal Proce-

dure. As long as these procedures were followed, the trial court had jurisdiction to determine whether a preponderance of the evidence supported a factual finding that Jurado breached the conditions of his probation by violating § 1326. *See State v. Lovell*, 123 Ariz. 467, 469, 600 P.2d 1099, 1101 (1979). Jurado has not alleged that the proper procedures were not followed.

■ At the probation violation hearing, Jurado's probation officer submitted a certified document stating that the USINS had deported Jurado on November 25, 1985. The probation officer also testified that when he visited Jurado in jail after his arrest in May of 1987, Jurado admitted that he had reentered the country in January of 1986. The trial judge asked the probation officer how he knew that Jurado had not acquired legal alien status between the time he was deported in November of 1985 and the time he reentered the country in January of 1986. The probation officer replied that Jurado's USINS file did not contain any documents indicating that he had applied for readmission or amnesty. He also stated that Jurado had admitted to him that he had entered the country illegally in 1986 and that he had no papers to prove that he was a legal resident at the time he was arrested.

In making his finding that Jurado had violated the conditions of his probation, the trial judge acknowledged the possibility that the proper documents had failed to reach Jurado's USINS file through an administrative mix-up. However, he discounted this possibility because Jurado had admitted reentering the country illegally and because it was unlikely that he could have obtained legal resident status less than two months after being deported following a theft conviction. The record supports the trial judge's finding that a preponderance of the evidence established Jurado's probation violations.

The revocation of probation and the sentence imposed are affirmed.

JACOBSON, P.J., and GREER, J., concur.