770 P.2d 390

**STATE of Arizona, Appellant,**

v.

**Shailesh PATEL, Appellee.**

**No. 1 CA–CR 88–039.**

Court of Appeals of Arizona, Division 1, Department D.

March 7, 1989.

---

Dale K. Patton, Jr., Navajo County Atty. by Thomas L. Wing, Deputy County Atty., Holbrook, for appellant.

Miller & Miller, P.C. by Eleanor L. Miller and Van O'Steen and Partners by Joanne T. Stark, Phoenix, for appellee.

## OPINION

GERBER, Judge.

In December of 1985, appellee Shailesh Patel (defendant) entered an *Alford* plea[1] to a charge of aggravated assault. In exchange, the state agreed to drop a charge of resisting arrest and its allegation of

dangerousness. Pursuant to the plea agreement (agreement), the trial court suspended the imposition of sentence and placed defendant on probation for 5 years. Also in accordance with the agreement, the court ordered that as a condition of probation defendant, an alien from India, "agree to deportation voluntarily." Several months later, the Immigration and Naturalization Service (INS) ordered defendant deported. Although the record is not entirely clear, defendant was apparently unable to secure "voluntary departure status"[2] and opposed the order of deportation.

Because he was denied voluntary departure status and because in the interim Congress enacted the Immigration Reform and Control Act of 1986, which grants aliens eligibility for legal residence in this country,[3] defendant requested early termination of his probation. He contended in the trial court that it was now impossible for him to fulfill the condition of probation requiring him to "agree to deportation voluntarily." Defendant also contended that his probation status precluded him from obtaining amnesty under the IRCA. The state opposed early termination, arguing that the trial court did not have jurisdiction or authority to grant early termination because the two conditions—5 years of probation and deportation—had not been met.

The Adult Probation Department supported early termination. It noted that defendant still remained in this country, but indicated that in all other respects defendant was a successful probationer.

After considering the matter, the trial court entered an order terminating defendant's probation early. The state appeals from this order, urging reinstatement of defendant's probation.

## FACTS

In July of 1985, two special agents of the INS attempted to arrest defendant. As

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. *See* Immigration and Nationality Act, Title 8, U.S.C. § 1254(e). Hereinafter this reference will be cited as INA.

3. *See* Immigration Reform and Control Act, Title 8, U.S.C. § 1225, *et seq.* The principal effect of this Act is to grant amnesty to certain aliens who reside in this country illegally. Hereinafter this reference will be cited as IRCA.

defendant maneuvered his vehicle from a parking place, he accelerated and struck one of the agents. He then drove away and eluded the agents.

Defendant was later indicted for aggravated assault, a class 3 felony, and for resisting arrest, a class 6 felony. The state moved to add an addendum to the indictment alleging both counts to be dangerous. *See* A.R.S. § 13-604. Defendant agreed to enter an *Alford* plea to the charge of aggravated assault. The plea agreement specified that defendant would be "placed on probation for a period of 5 years upon terms and conditions to be set by the court, including: Defendant agrees to deportation from the United States." At the guilty plea hearing, the trial court explained to defendant:

> The agreement provides that you are pleading guilty to aggravated assault a class 3 felony, on these conditions:

> That I will place you on probation for a period of 5 years on such terms and conditions that I might set, including that you agree to be deported from the United States.

The trial court accepted the plea. At sentencing the prosecutor stated:

> I believe the probation officer didn't put in the presentence report that.... defendant as part of the agreement was to be deported from the United States. And would ask that that be a term of probation in the case.

The trial court suspended the imposition of the sentence and placed defendant on probation. Two years later, the trial court entered its order terminating probation early.

### Early Termination of Probation

█ ▪ The state argues that once the trial court accepted the plea agreement, it no longer had authority to deviate from its terms. The state and a defendant may bargain regarding a guilty plea. Rule 17.4, Arizona Rules of Criminal Procedure. However, it does not follow that a trial court that accepts the bargain is thereby deprived of its statutory authority to terminate probation early.

A.R.S. § 13-901(E) specifically authorizes the trial court to terminate probation and discharge a probationer "if in the court's opinion the ends of justice will be served thereby and if the conduct of the defendant on probation warrants it." *See also* Rule 27.3 (trial court, after notice to prosecutor, may terminate probation and discharge probationer early); *State v. Moore*, 149 Ariz. 176, 177, 717 P.2d 480, 481 (App.1986) (probation may be terminated early if defendant's conduct indicates rehabilitation). Additionally, public policy supports the legislative grant of authority to the trial court to terminate probation early. *See ABA Standards for Criminal Justice*, § 18-7.3 (1980). The commentary to this standard states:

> To require the continuation of unnecessary probation conditions or partial confinement has several negative effects: it overloads the probation department, excludes other offenders from access to the scarce supply of halfway houses and similar institutions, contributes to offender alienation, and probably demoralizes probation personnel, who object to performing a valueless 'warehousing' function. Nor is the unnecessary continuation of probation conditions likely to satisfy the public's desire to see 'just deserts' administered; neither the offender nor the public at large is likely to confuse petty harrassment with just punishment.

*Id.*

The state relies on *State v. Rutherford*, 154 Ariz. 486, 744 P.2d 13 (App.1987). There, the trial court accepted a plea agreement which required the defendant to serve one calendar year in the county jail. Before the one-year jail term expired, the trial court modified the term and ordered the defendant released. On appeal, this court held that the trial judge had exceeded his authority pursuant to Rule 27.2. The court stated:

> Although the imposition of sentence in this matter has been suspended pursuant to A.R.S. § 13-901, by analogy, given the plea agreement here and the trial court's limited authority to modify a sentence,

the trial judge did not have the authority to reduce the length of the jail term. *Id.*, at 489, 744 P.2d at 16. The *Rutherford* court expressly limited its holding to plea agreements which specified *jail time* as part of the bargained-for punishment. As the *Rutherford* court noted:

> Any further attempt by the prosecutor to control the conditions of probation would be an infringement on the court's jurisdiction over probationers.

*Id.* The instant case did not involve a bargain as to jail time between the state and a defendant. Rather, here the state attempts to control the length of a defendant's probation. *Rutherford* expressly rejects such an infringement on a trial court's jurisdiction over probationers.

■ We hold that the state and a defendant may not bind the trial court to a fixed period of probation. Such an effort is prohibited by statute, court rule, and public policy. It infringes on the court's jurisdiction and authority over probationers in general. Accordingly, the trial court did not abuse its discretion in terminating probation early.

*Agreement to Voluntary Deportation*

■ The federal government has exclusive authority over deportation matters. *State v. Camargo,* 112 Ariz. 50, 52, 537 P.2d 920, 922 (1975); *State v. Jurado,* 157 Ariz. 215, 755 P.2d 1203 (App.1988). In *Jurado,* this court noted that:

> In *Camargo,* the trial judge ordered as conditions of probation that the defendant be turned over to USINS officials for deportation proceedings and that he remain outside the United States during the probation period.
>
> The Arizona Supreme Court recognized that the federal government has exclusive power over matters dealing with the entry and deportation of aliens. It therefore found that the trial judge did not have jurisdiction to order that the defendant be deported or that he remain outside the United States during the term of his probation.

*Id.* at 217, 755 P.2d 1203. *Camargo* and *Jurado* recognize that Congress has occu-

pied the field of immigration law, excluding state control over deportation proceedings. *See, e.g., Nyquist v. Mauclet,* 432 U.S. 1, 10, 97 S.Ct. 2120, 2126, 53 L.Ed.2d 63, 71 (1977). Thus, that portion of the trial court's order which required defendant to agree to deportation was preempted under the supremacy clause and unenforceable even before the trial court modified its order by terminating probation early. U.S. Const. Art. VI. *See, e.g., Rojas v. State,* 52 Md.App. 440, 450 A.2d 490, 492 (1982) (agreement not to "oppose deportation" preempted under supremacy clause).

Defendant has not left the United States voluntarily or otherwise. The INS has entered an order of deportation which the defendant has appealed. The proper forum in which to resolve the deportation issue is the INS. As the trial court noted in its order:

> That tribunal [INS] may then determine the propriety of permitting the defendant to remain in this country or not, based upon the determined gravity of the offense for which the defendant is convicted.

For the reasons set forth above, we affirm.

CORCORAN and GREER, JJ., concur.

NOTE: The Honorable ROBERT J. CORCORAN, Justice of the Arizona Supreme Court, has been authorized by Administrative Order No. 89-3 of the Chief Justice to participate in the resolution of this case which was previously assigned to him as a judge of this Court or to his department before Thursday, January 5, 1989.