925 P.2d 832

STATE of Idaho, Plaintiff–Respondent,

v.

Jenaro MARTINEZ, Defendant–Appellant.

No. 22208.

Supreme Court of Idaho,
Boise, September 1996 Term.

Oct. 24, 1996.

Whittier Souza & Naftz, Chartered, Pocatello, for defendant–appellant.

Alan G. Lance, Attorney General, Catherine O. Derden, Deputy Attorney General, Boise, for plaintiff–respondent.

SILAK, Justice.

Jenaro Martinez (Martinez) appeals from his judgment of conviction in which he was sentenced to seven years with two years determinate on one count of possession of cocaine with intent to deliver. We affirm.

I.

## FACTS AND PROCEDURAL BACKGROUND

During an undercover drug investigation, an undercover officer asked Martinez if Martinez would obtain some cocaine for him. In response to the request Martinez obtained approximately one (1) ounce of cocaine and sold it to the officer for $1,100. Martinez was then arrested and charged with the felony of trafficking in cocaine under I.C. § 37–2732B(a)(2).

Pursuant to a plea agreement, Martinez pled guilty to possession of cocaine with intent to deliver under I.C. § 37–2732(a)(1)(A). The district court imposed a unified sentence of seven years with two years fixed. The district judge stated:

> I will suspend the imposition of that sentence at this time on the condition that you are deported from the United States ...
> In the event that the immigration authorities do not pick you up, the suspension of the sentence that I've indicated will be imposed; and you will be turned over to the Department of Corrections to complete that sentence.

The court provided for suspension of Martinez's sentence upon his deportation because the court apparently believed that Martinez would in fact be deported by the United States Immigration and Naturalization Service (USINS). The court was informed that the USINS had issued a detainer for Martinez based on his drug conviction. The detainer signaled the possibility that Martinez would be deported. The presentence report noted that the U.S. Border Patrol had issued a detainer for Martinez and stated that with this type of offense there was a virtual certainty that Martinez would be deported. Counsel for Martinez also noted a case involving another individual who was picked up by immigration and transported to Colorado where he was incarcerated there to await deportation back to Mexico. Counsel for Martinez thought it was more than likely that Martinez would face similar consequences.

After sentencing, the district judge remanded Martinez to the custody of the Pow-

er County sheriff, pending deportation by the USINS or incarceration.

Martinez filed a timely notice of appeal. The issue on appeal is whether the district court abused its discretion in suspending Martinez's sentence on the condition that Martinez be deported.

## II.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN CONDITIONING SUSPENSION OF MARTINEZ'S SENTENCE UPON DEPORTATION BY UNITED STATES IMMIGRATION AND NATURALIZATION AUTHORITIES

Martinez argues that the district court abused its discretion when it made execution of Martinez's sentence conditional on Martinez's deportation. Martinez claims that the district court sentenced him to a term of incarceration, then suspended that sentence and ordered him deported. Martinez asserts that a state court does not have the authority to deport an alien, citing *State v. Camargo,* 112 Ariz. 50, 537 P.2d 920, 922 (1975) and *State v. Patel,* 160 Ariz. 86, 770 P.2d 390, 393 (Ct.App.1989). Martinez further argues that only a proper federal immigration authority may order the deportation of an alien and notes that state courts which have tried to extend their authority into this federal arena have been preempted under the supremacy clause and have been unable to enforce their deportation orders.

Martinez's argument is without merit. The district court did not, in fact, order Martinez deported. The district court merely made a provision in Martinez's sentence for his likely deportation by a proper federal immigration authority. The district court ordered:

> [I]t is hereby ordered that the defendant be and is hereby sentenced to the custody of the Idaho Department of Corrections, pursuant to Idaho Code § 19–2513, to a fixed term of two (2) years and a subsequent indeterminate term of five (5) years ... It is further ordered that the imposition of the above sentence be and is hereby suspended upon the sole condition that

defendant be remanded to the custody of the Power County Sheriff, pending pickup by the Department of Immigration, or if the Department of Immigration declines to follow through with deportation, to be by the Power County Sheriff delivered to the proper officer or officers of the Department of Corrections....

A careful reading of this order reveals that the district court did not direct Martinez's deportation. This order merely directs that if Martinez were deported by a proper federal authority, Martinez's sentence would be suspended. However, if Martinez were not deported, his sentence would be executed. The district court included a deportation contingency provision in Martinez's sentence under the reasonable belief that Martinez would be deported by federal authorities.

To meet the standard of review Martinez must clearly prove that the district court abused its discretion in including a deportation provision in Martinez's sentence. Martinez has failed to meet this standard. Martinez seeks to demonstrate that the district court directly ordered deportation and so sought to exercise a federal power. However, the district court did not order Martinez's deportation, but merely made a provision in Martinez's sentence for the likely event that Martinez would be deported by a proper federal authority. We hold that including such a provision in a sentence is not an abuse of judicial discretion.

## III.

## CONCLUSION

We find Martinez's argument that the district court abused its discretion through ordering Martinez deported to be without merit. The district court did not order Martinez deported. The court included in Martinez's sentence the provision that should Martinez be deported by a proper immigration authority, Martinez's sentence of incarceration would be suspended; however, if Martinez was not deported, Martinez's sentence would

be executed. Placing such a condition in Martinez's sentence was not an abuse of discretion. Accordingly, the judgment of conviction and sentence is affirmed.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.