623 P.2d 803

The STATE of Arizona, Petitioner,

v.

·The Honorable David L. GROUNDS, Judge of the Superior Court, Division 29–J, in and for the County of Maricopa, Respondent,

and

Linda Sue Budwit, Real Party in Interest.

No. 15093.

Supreme Court of Arizona, En Banc.

Jan. 23, 1981.

Stephen D. Neely, Pima County Atty. by Richard Louis Strohm, Sp. Prosecutor, Tucson, for petitioner.

Joel Erik Thompson, Phoenix, for Linda Sue Budwit.

HAYS, Justice.

We accepted jurisdiction of this petition for special action to decide whether the trial judge abused his discretion in ordering the state to reveal an informant's name and address to defense counsel. Ariz.Const. art. 6, § 5(4); 17A A.R.S. Rules of Procedure for Special Actions, rule 3(c). Answering in the affirmative, this case is remanded for proceedings consistent with this opinion.

The real party in interest herein, Linda Sue Budwit, has been charged with three counts of sale of a narcotic drug (cocaine), valued at not less than $250. In order to substantiate an entrapment defense, counsel for Budwit filed a motion to produce the

identity of an informant and to produce the informant for pretrial investigation. In fact, the defendant knew who the informant was but sought to ascertain the informant's true identity, the informant's present whereabouts, and to insure the informant's availability at trial. The state opposed the motion for disclosure and a hearing was held. Based upon the memoranda filed and argument of counsel at the hearing, the trial judge ordered the state to disclose the informant's name and address to defense counsel and also ordered defense counsel not to reveal the informant's identity to anyone else.

From the sparse record created in the court below, we are simply unable to offer any opinion with respect to the correctness of the trial judge's ruling. There was no evidence offered at the hearing which could provide the basis for a ruling on the disclosure question.

■ In order to overcome the public policy protecting the government's privilege against disclosing the identity of a confidential informant, the burden is on the defendant to establish that the informant could testify on the merits of the case. *State v. Altamirano*, 116 Ariz. 291, 569 P.2d 233 (1977); *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975). In *State v. Tuell*, 112 Ariz. at 343, 541 P.2d at 1145, we said:

> The [defendant] need not prove that the informer would give testimony favorable to the defense in order to compel disclosure of his identity; nor need he prove that the informer was a participant in or even an eye witness to the crime. His burden extends only to a showing that, in view of the evidence, the informer would be a material witness on the issue of guilt which might result in exoneration and that nondisclosure of his identity would deprive the defendant of a fair trial.

*See McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *State v. Altamirano, supra; State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974).

In *Roviaro v. United States*, 353 U.S. at 62, 77 S.Ct. at 628–29 (1957), Justice Burton wrote:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

■ In order to strike that balance, the trial court must have before it evidence supporting each side's allegations. Argument of counsel is not evidence. Among other things, sworn affidavits, stipulated facts, depositions, and oral testimony might be introduced to support a claim of disclosure or to counter such a claim. The record here is devoid of evidence; therefore, there is nothing before this court by which we can review the trial court's ruling nor was there anything before the trial court upon which to base its ruling. We vacate the order of disclosure without prejudice to the defendant's right to reurge the motion based upon the proper presentation of evidence in the trial court.

This case is remanded for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.