651 P.2d 1201

STATE of Arizona ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,

v.

The Honorable Marilyn RIDDEL, Judge of the Superior Court, Respondent,

and

Harold Henry GOOD, Real Party in Interest.

No. 15980–SA.

Supreme Court of Arizona, En Banc.

Sept. 30, 1982.

Thomas E. Collins Maricopa County Atty. by Michael E. McNeff, Deputy County Atty., Phoenix, for petitioner.

Levine & Jarvi by Lawrence D. Hirsch, Phoenix, for Harold Henry Good.

HAYS, Justice.

We accepted jurisdiction of this petition for special action to decide whether the trial judge abused her discretion in ordering the state to reveal an informant's name and address to defense counsel. Ariz. Const. art. 6, § 5(4); 17A A.R.S., Rules of Procedure for Special Actions, rule 3(c). We find the judge did abuse her discretion and we remand this case for proceedings consistent with this opinion.

Harold Henry Good, the real party in interest, was charged with aggravated assault and possession of marijuana. A search warrant was obtained when an informant supplied information that Good had marijuana and firearms at his house. During execution of the warrant, Good was shot six times when he refused to heed the officers' admonitions to put down his gun.

To support a defense of justification of the assault and to show absence of constructive possession of marijuana, Good's counsel filed a motion for disclosure of the informant's identity and for an order directing the taking of the informant's deposi-

tion. The state opposed the motion for disclosure and a hearing was held. Based on the memoranda filed and the offer of proof and arguments made by counsel at the hearing, the trial judge ordered the state to disclose the informant's name and address to defense counsel and ordered the informant to appear for deposition by the defense.

■ To outweigh the public policy upholding the government's privilege against disclosing the identity of a confidential informant, the defendant must make a factual showing that the informant could testify on the merits of the case. *State v. Altamirano,* 116 Ariz. 291, 569 P.2d 233 (1977). The court must weigh evidence supporting each side's allegations. As we have previously noted, argument of counsel is not evidence. *State v. Grounds,* 128 Ariz. 14, 623 P.2d 803 (1981). The state argues that this case is very much like *Grounds, supra,* where we vacated the disclosure order because no evidence had been presented at the hearing. The case here is close to *Grounds,* but, assuming that the police departmental reports discussed at the hearing and the offer of proof made by the state constitute evidence, they make no showing that justifies the disclosure ordered.

First, defendant alleges that the informant's testimony is necessary to prove his defense of justification of assault since it will point out the officers' state of mind when they entered his home with guns drawn to execute the search warrant. The informant was not present during this incident. He had merely told the detectives that defendant had guns at his home. He could not say anything about the officers' behavior on entering Good's house. In any event, at the hearing, the state offered to prove that entering with weapons drawn is standard police practice in narcotics searches. The informant could provide no testimony for defendant's defense of justification.

Second, Good argues that the informant is the only person who can connect him with the marijuana found at his home. Good was not the only person living there. In *State v. Villavicencio,* 108 Ariz. 518 at 520, 502 P.2d 1337 at 1339 (1972), we said:

"[T]he crime of possession of narcotics requires physical possession or constructive possession with actual knowledge. Constructive possession is generally applied to those circumstances where the drug is not found on the person, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the narcotics. Exclusive control of the place in which the narcotics are found is not necessary."

The informant was not present when the officers found the narcotics and would have no knowledge of those circumstances. Since exclusive control of the place is not required to find constructive possession, constructive possession could be found by the officers on discovering Good and the narcotics together in the house. Again, the informant's testimony would contribute nothing.

We vacate the order of disclosure without prejudice to defendant's right to refile the motion supported by the presentation of evidence which justifies the disclosure of an informant's identity.

This case is remanded for proceedings consistent with this opinion.

HOLOHAN, C. J., GORDON, V. C. J., and CAMERON and FELDMAN, JJ., concur.