895 P.2d 1031

The STATE of Arizona, Appellee,

v.

Mark Anthony ROBLES, Appellant.

No. 2 CA–CR 93–0140.

Court of Appeals of Arizona,
Division 2, Department A.

March 30, 1995.

Redesignated as Opinion April 26, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Jon G. Anderson, Phoenix, for appellee.

Law Offices of Fernando Fajardo by Fernando Fajardo, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant Mark Anthony Robles appeals from his convictions of unlawful transfer of marijuana with a weight under one pound, unlawful offer to sell marijuana with a weight over eight pounds, and conspiracy to transfer marijuana, following a jury trial. We affirm.

### FACTS

On review, we consider the facts in the light most favorable to sustaining the convictions, resolving any conflicts in the evidence and all reasonable inferences from them against appellant. *State v. Zmich*, 160 Ariz. 108, 770 P.2d 776 (1989).

Tucson Police Department Officer David Azuelo was working undercover with the Metropolitan Area Narcotic Traffic Interdiction Squad (MANTIS). He was introduced to appellant by a confidential informant on September 17, 1991. Appellant told Azuelo to get in touch with him. On September 20, Azuelo contacted appellant and, posing as a middleman buyer, inquired about the possibility of buying 150 pounds of marijuana from appellant. Appellant advised that his supplier had varying qualities available at prices ranging from $800 to $1,725 per pound.

There were subsequent contacts between appellant and Azuelo on September 24 and 30 initiated by Azuelo. On October 2, 1991, appellant contacted Azuelo indicating that he had high quality marijuana available for $1,400 per pound and that he would call Azuelo later to try to make a transfer. Appellant paged Azuelo three times on October 3, followed by two phone calls. They met later that same evening and appellant showed Azuelo two samples of marijuana. When appellant insisted on the $1,400 price for the higher quality marijuana, Azuelo said he would need a sample for his buyer's approval at that price and appellant gave him the sample.

Appellant contacted Azuelo on October 4 and 6 telling him that the marijuana was going to go fast. Azuelo called appellant on October 7 at work. On October 11, appellant tried several times to contact Azuelo and they finally got together in the late afternoon. Appellant, following another vehicle, had Azuelo follow him to a different location. He then spoke with the two individuals in the lead vehicle, later identified as codefendants, and then took Azuelo to his truck and showed him two more samples of marijuana.

Appellant and Azuelo had telephone contacts on October 14 and 16. Appellant told Azuelo on October 16 that he had a large supply of "skunk" (very high quality) marijuana, which had been smuggled in from Mexico. Appellant next contacted Azuelo on October 18 and indicated that everything was ready to go for the purchase of 150 pounds of marijuana at a cost of $210,000. They agreed to a meeting place and plan, which was changed several times in the course of that evening. Appellant indicated that the two codefendants, whom Azuelo had seen on October 11, and possibly the owner of the marijuana would be present.

Two of the codefendants arrived in the load vehicle which had been provided by Azuelo, as prearranged, and another individual in the back seat was identified to Azuelo by appellant as the owner of the marijuana. The trunk was opened by one of the codefendants to show the 150 pounds of marijuana. Azuelo also observed bricks of marijua-

na on the back seat. When Azuelo indicated he would be back with the money, the car sped off, but was stopped shortly thereafter and the codefendants and appellant were arrested.

Appellant and his codefendants were tried jointly. He asserted an entrapment defense, admitting the offenses in his testimony at trial.

## DISCLOSURE OF CONFIDENTIAL INFORMANT

■ Asserting that the confidential informant was a material witness with evidence related to his entrapment defense, appellant argues that the trial court erred in denying his motion for disclosure of the confidential informant. We disagree.

■ To overcome the public policy of protecting the identity of a confidential informant, the burden is on the appellant to establish that the informant could testify on the merits of the case. *State v. Grounds*, 128 Ariz. 14, 623 P.2d 803 (1981). Appellant's entrapment defense was premised on appellant's claim that the confidential informant had badgered, intimidated, and harangued him on a number of occasions and that he was aware of appellant's financial problems. He argued below that this constituted evidence bearing on his state of mind and was relevant to show that he was induced to participate in the drug transaction. Appellant cites *State v. Altamirano*, 116 Ariz. 291, 569 P.2d 233 (1977), and *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975), in support of his contention that he made an adequate showing that the testimony might result in his exoneration or that nondisclosure would deprive him of a fair trial.

We agree that appellant correctly cites the legal propositions advanced in *Altamirano* and *Tuell*. However, the court in *Grounds* clearly stated that evidence sufficient to support a claim for disclosure or to counter it includes such things as "sworn affidavits, stipulated facts, depositions, and oral testimony." 128 Ariz. at 15, 623 P.2d at 804. As in *Grounds*, only counsel's argument was presented in support of appellant's requested

disclosure, which the court in *Grounds* found insufficient, as do we.

Furthermore, the record demonstrates that appellant apparently knew the identity of the informant. Azuelo testified that he had been introduced to appellant by a confidential informant. Appellant testified that he had been introduced to Azuelo by a friend whom he identified as Donny and in closing argued that Donny was the confidential informant. Appellant made no showing that he had tried but was unable to locate Donny. On this record we cannot say that appellant was prejudiced by the trial court's denial of his disclosure motion.

## EVIDENCE OF ENTRAPMENT

■ Next, appellant contends that the trial court erred in excluding, as hearsay, conversations he had with the confidential informant because they were offered to show their effect on his state of mind and were critical to his entrapment defense.

The record shows that appellant was allowed to testify regarding his financial problems, that he was introduced to Azuelo by Donny, and that Donny knew about appellant's cocaine habit and financial situation. Appellant also testified that Donny explained that Azuelo wanted appellant to get "weed" for him. Further, appellant testified that he had numerous contacts with Donny and was allowed to explain their effect on him. Assuming without deciding that exclusion of Donny's statements was error, we conclude it was harmless in view of appellant's extensive testimony regarding the effects of his contacts with Donny and the overwhelming evidence of his predisposition to engage in the marijuana transaction. *State v. White*, 168 Ariz. 500, 815 P.2d 869 (1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992).

## PERSONNEL FILES IMPEACHMENT

■ Appellant asserts that the trial court's denial of his motion for examination of Azuelo's personnel file for impeachment materials was a violation of his due process rights pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and

*United States v. Henthorn,* 931 F.2d 29 (9th Cir.1991), *cert. denied,* 503 U.S. 972, 112 S.Ct. 1588, 118 L.Ed.2d 306 (1992). We disagree.

■ In *Henthorn,* the Ninth Circuit Court of Appeals held that when a defendant makes a request for the personnel files of a testifying officer, the prosecution has a duty to examine those files to determine if they contain any *Brady* material and that the defendant has no burden to make an initial showing of materiality. Although we have found no Arizona authority directly on point, we decline appellant's invitation to adopt *Henthorn.* Rather, we adopt the threshold materiality showing required in *United States v. Driscoll,* 970 F.2d 1472 (6th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1056, 122 L.Ed.2d 362 (1993); *United States v. Andrus,* 775 F.2d 825 (7th Cir.1985); *United States v. Bertoli,* 854 F.Supp. 975 (D.N.J. 1994), *aff'd in part and vacated in part on other grounds,* 40 F.3d 1384 (3d Cir.1994); *see State v. Atwood,* 171 Ariz. 576, 606, 832 P.2d 593, 623 (1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993) (although defendants have a due process right to disclosure of exculpatory evidence, this right extends only to material evidence).

■ We will not disturb the trial court's ruling on evidentiary matters absent a showing of a clear abuse of discretion. *State v. Barger,* 167 Ariz. 563, 810 P.2d 191 (App. 1990). The record shows that appellant premised his request for examination of the personnel files on Azuelo's allegedly untruthful response when confronted, under oath, with an accusation of drug usage. Appellant provided the trial court with a lab report obtained from an unrelated matter contained in a City of Tucson court file showing that Azuelo had been tested for drug use. The record shows that the test results on the blood specimen were negative and that the analysis of the urine specimen indicated the presence of cocaine and benzoylecgonine, "however they could not be positively confirmed." Based upon that evidence, the trial court ruled that appellant failed to make any threshold showing of materiality. Because the lab results did not confirm the presence of any illegal substance, appellant failed to demonstrate the materiality of Azuelo's personnel files. Accordingly, we find no abuse of discretion.

## MOTION TO SEVER

■ Appellant contends the trial court committed reversible error by denying his motion to sever his case from that of his codefendants because they had antagonistic defenses. His contention is meritless.

■ Severance is required where necessary to provide a fair determination of guilt. Ariz.R.Crim.P. 13.4, 17 A.R.S.; *State v. Cruz,* 137 Ariz. 541, 672 P.2d 470 (1983). A defendant must show that he was prejudiced by the denial of his motion to sever, *State v. Rigsby,* 160 Ariz. 178, 772 P.2d 1 (1989), and, where the requested severance is based on antagonistic defenses, he must show that the defenses are so antagonistic as to be mutually exclusive. *Cruz.*

■ Appellant asserts that his entrapment defense conflicted with his codefendants' defenses of mere presence and innocence. Although such an assertion could apply to the conspiracy charge, it is totally without merit as to the transfer and offer to sell charges. Moreover, in light of the overwhelming evidence introduced against appellant of his extensive negotiations with Azuelo, including his tape-recorded phone conversations, we cannot say appellant has shown any prejudice.

Furthermore, the jurors were given a limiting instruction both during the course of the trial and at the time the instructions were read prior to deliberation that separate consideration be given to each defendant based upon his own conduct. The risk of any evidence against the codefendants "rubbing off" on appellant was minimal, *see State v. Runningeagle,* 176 Ariz. 59, 859 P.2d 169, *cert. denied,* — U.S. ——, 114 S.Ct. 609, 126 L.Ed.2d 574 (1993) (limiting instruction will often cure risk of prejudice in joint trial). We find no error.

## PROSECUTORIAL MISCONDUCT

■ Appellant argues that the prosecutor's demonstration during his rebuttal

closing argument constituted misconduct sufficient to justify granting his motion for new trial. He also attacks two statements about the confidential informant made by the prosecutor. The record shows no objection to the latter, and neither rises to the level of fundamental error.

 We will not disturb a trial court's ruling on a motion for new trial absent a showing of abuse of discretion. *State v. Rankovich*, 159 Ariz. 116, 765 P.2d 518 (1988). The record shows that during his rebuttal closing argument, the prosecutor dumped a bag of photocopied $20 bills out in front of the jury in an amount of approximately $200,000. This was not an item admitted into evidence. In denying the motion, the trial court found that the prosecutor "[was] guilty of misconduct," but that "[t]he facts in this case were such that no reasonable juror could have come to any other conclusion in that the four (4) defendants were bound together to commit the acts as alleged in the Indictment."

Based upon this record we conclude that there was no abuse of discretion.

## PRIOR BAD ACTS

Appellant contends the trial court erred in admitting evidence of his prior conduct involving packaging drugs for sale because it was impermissible character evidence. Evidence of previous acts of a similar nature are relevant and admissible to show predisposition and criminal intent when the defense of entrapment is raised. *State v. Lacey*, 143 Ariz. 507, 694 P.2d 795 (App. 1984). Azuelo testified regarding appellant's statements that in the past his wife "helped him cut up the kilos of cocaine that he obtained and that she would help him repackage those for subsequent other sales." That conduct was sufficiently similar in nature to that in the present case to render it relevant and admissible to rebut appellant's predisposition defense. *State v. Burciaga*, 146 Ariz. 333, 705 P.2d 1384 (App.1985). Accordingly, we find no abuse of discretion in its admission.

Finally, appellant argues that the trial court committed error in admitting

Azuelo's testimony describing typical marijuana transactions and regarding conversations with an uncharged third party. He also contends the trial court allowed Azuelo to give improper opinion testimony about the reliability of the confidential informant. Appellant failed to object to the testimony regarding typical marijuana transactions and therefore any argument on appeal is waived because the issue does not rise to the level of fundamental error. *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991). As to the remaining contentions, assuming, *arguendo*, that the testimony was erroneously admitted, it was harmless in view of the overwhelming evidence against appellant.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

LIVERMORE, P.J., and LACAGNINA, J., concur.