NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL CANALES, *Appellant.*

No. 1 CA-CR 15-0100
FILED 10-01-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-434869-001 DT
The Honorable Daniel J. Kiley, Judge
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

―――――――――――――――――――

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

―――――――――――――――――――

**W I N T H R O P**, Judge:

**¶1**　　　　Michael Canales ("Appellant") appeals his convictions and sentences for two counts of sale or transportation of dangerous drugs. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, and he has done so, raising two issues that we address.

**¶2**　　　　We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

**¶3**　　　　On September 5, 2013, a grand jury issued an indictment, charging Appellant with two counts of sale or transportation of dangerous drugs (methamphetamine), each a class two felony. *See* A.R.S. § 13-3407. The State later filed an allegation of historical priors, alleging Appellant had two historical prior felony convictions for enhancement purposes.

―――――――――――――――

[1]　　We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the dates of the offenses.

[2]　　We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

¶4          At trial, the State presented the following evidence: In March 2013, Phoenix police detectives Egea and Ayala were working undercover as narcotics officers, and they became aware of Appellant through Appellant's former girlfriend and a confidential informant. At approximately 4:30 p.m. on March 20, the detectives drove to an apartment complex in Phoenix, where the confidential informant introduced them to Appellant. The confidential informant walked away after the introduction, and the detectives, left alone with Appellant, inquired about purchasing methamphetamine. Appellant informed the detectives that he did not have the methamphetamine on his person, and the detectives agreed to drive Appellant to a different location, where Appellant would supply the methamphetamine.

¶5          The detectives drove Appellant to a second apartment complex. Detective Egea handed Appellant $110 to purchase the methamphetamine. Appellant exited the vehicle and entered a nearby apartment. When Appellant returned, he handed Detective Egea a Ziploc baggie containing a substance that appeared to be methamphetamine. Detective Egea gave Appellant an additional $20 for facilitating the deal, and the detectives drove Appellant back to the first apartment complex. The substance in the Ziploc baggie that Appellant handed Detective Egea was subsequently tested and determined to be 3.519 grams of methamphetamine, a usable quantity.

¶6          On April 10, 2013, the undercover detectives again arranged to purchase methamphetamine from Appellant. The detectives drove to a convenience store, where they met the confidential informant. Soon afterward, at approximately 3:40 p.m., Appellant arrived. Detective Ayala was the purchaser, and as Appellant approached Detective Ayala in the parking lot, the confidential informant walked away, while Detective Egea "kind of hung around [and] watched" the transaction between Appellant and Detective Ayala. Detective Ayala handed Appellant $150, and Appellant walked to a vehicle and retrieved a substance, which he gave to Detective Ayala. The substance was subsequently tested and determined to be 7.21 grams of methamphetamine in a usable condition.

¶7          The jury found Appellant guilty of both charged counts, and found the State had proved an alleged aggravating circumstance of pecuniary gain. Before sentencing, Appellant admitted he had two historical prior felony convictions for enhancement purposes. The trial court sentenced Appellant to concurrent, presumptive terms of 15.75 years' imprisonment in the Arizona Department of Corrections for each count,

and credited him for 140 days of presentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

### I. Alleged Prosecutorial Misconduct/Vouching

**¶8**        Appellant argues his conviction must be reversed because the prosecutor committed misconduct during closing argument by vouching for the State's witnesses. We disagree.

**¶9**        "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that '(1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying [the] defendant a fair trial.'" *State v. Moody*, 208 Ariz. 424, 459, ¶ 145, 94 P.3d 1119, 1154 (2004) (citation omitted). Prosecutorial misconduct is not merely "legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial." *Pool v. Superior Court*, 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984) (footnote omitted). To justify reversal, the misconduct "must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (citations omitted). Even then, reversal is not required unless the defendant was denied a fair trial. *State v. Bible*, 175 Ariz. 549, 600, 858 P.2d 1152, 1203 (1993).

**¶10**        It is improper for a prosecutor to vouch for the credibility of the State's witnesses. *State v. Salcido*, 140 Ariz. 342, 344, 681 P.2d 925, 927 (App. 1984). "Prosecutorial vouching occurs 'when the prosecutor places the prestige of the government behind its witness,' or 'where the prosecutor suggests that information not presented to the jury supports the witness's testimony.'" *State v. Garza*, 216 Ariz. 56, 64, ¶ 23, 163 P.3d 1006, 1014 (2007) (citing *State v. Dumaine*, 162 Ariz. 392, 401, 783 P.2d 1184, 1193 (1989), *disapproved on other grounds by State v. King*, 225 Ariz. 87, 89-90, ¶¶ 9-12, 235 P.3d 240, 242-43 (2010)).

**¶11**        We have reviewed the entirety of the prosecutor's closing arguments, and conclude that nothing in the prosecutor's remarks constitutes impermissible prosecutorial vouching. The prosecutor neither bolstered the detectives' credibility by referencing matters outside the record nor placed the prestige of the government behind the detectives by providing personal assurances of their veracity. *See State v. King*, 180 Ariz. 268, 277, 883 P.2d 1024, 1033 (1994) (citation omitted). Further, "during closing arguments counsel may summarize the evidence, make submittals

to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions." *Bible*, 175 Ariz. at 602, 858 P.2d at 1205. The prosecutor did exactly that. Moreover, viewed in context, the prosecutor's arguments made clear that it was for the jury alone to determine the witnesses' credibility and to "consider the evidence in light of reason, common sense, and experience." Finally, the prosecutor's subsequent characterization of the detectives' testimony as "reasonable" was fair rebuttal to defense counsel's argument challenging the detectives' credibility. *See State v. Duzan*, 176 Ariz. 463, 468, 862 P.2d 223, 228 (App. 1993); *see also State v. Martinez*, 130 Ariz. 80, 82, 634 P.2d 7, 9 (App. 1981) (concluding that prosecutorial comments that are a fair rebuttal to areas opened by the defense are proper). The prosecutor did not commit misconduct by her remarks, much less fundamental, reversible error.

## II.      *The Confidential Informant*

**¶12**        Appellant also argues the trial court abused its discretion and violated the Confrontation Clause in denying his pretrial motion to compel disclosure of the identity of the State's confidential informant, who did not testify at trial. We disagree.

**¶13**        Appellant's argument revolves around the following facts: Before trial, Appellant filed a motion to compel disclosure of the identity of the confidential informant who introduced the detectives to Appellant. The State responded that the informant was not present during the charged transactions and was not a material witness. At the evidentiary hearing on the motion, Detective Egea testified the confidential informant was not present during any drug-related conversations or transactions involving the detectives and Appellant. The prosecutor noted Appellant had not asserted the defense of entrapment,[3] and after argument by counsel, the trial court denied Appellant's motion.

**¶14**        "Disclosure of the existence of an informant or of the identity of an informant who will not be called to testify" is not required if "disclosure would result in substantial risk to the informant or to the informant's operational effectiveness, provided the failure to disclose will not infringe the constitutional rights of the accused." Ariz. R. Crim. P. 15.4(b)(2). A defendant seeking to overcome the State's policy of protecting an informant's identity bears the burden of demonstrating the informant "would be a material witness on the issue of guilt which might result in

---

[3]        The only defense Appellant asserted in his notice of defenses was insufficiency of the State's evidence.

exoneration and that nondisclosure of his identity would deprive the defendant of a fair trial." *State v. Grounds*, 128 Ariz. 14, 15, 623 P.2d 803, 804 (1981) (quoting *State v. Tuell*, 112 Ariz. 340, 343, 541 P.2d 1142, 1145 (1975), *abrogated on other grounds by State v. Duran*, 233 Ariz. 310, 313, ¶¶ 17-18, 312 P.3d 109, 112 (2013)); *accord State v. Robles*, 182 Ariz. 268, 271, 895 P.2d 1031, 1034 (App. 1995). To make this showing, however, the defendant must provide evidence, such as "sworn affidavits, stipulated facts, depositions, and oral testimony." *Grounds*, 128 Ariz. at 15, 623 P.2d at 804; *accord Robles*, 182 Ariz. at 271, 895 P.2d at 1034 (affirming the denial of a motion for disclosure for failure to present evidence in support of the appellant's claim that the confidential informant had entrapped him). "A mere possibility or speculative hope that an informant might have other information which might be helpful to the defendant is insufficient" to compel disclosure. *State ex rel. Berger v. Superior Court (Sorum)*, 21 Ariz. App. 170, 172, 517 P.2d 523, 525 (1974).

**¶15** In this case, Appellant did not testify at the evidentiary hearing on the disclosure motion or present any affidavit, deposition testimony, or other evidence in support of his motion. Instead, as in *Grounds* and *Robles*, only defense counsel's argument was presented in support of the requested disclosure. Both of those courts found argument alone insufficient, and so do we. *See Grounds*, 128 Ariz. at 15, 623 P.2d at 804; *Robles*, 182 Ariz. at 271, 895 P.2d at 1034. Other than the testimony of Detective Egea, which supports the trial court's decision to deny Appellant's motion, the record is devoid of evidence on which this court can further review the trial court's ruling. Accordingly, on this record, disclosure of the confidential informant's identity would have been inappropriate, and Appellant has not sustained his burden of proving he was deprived of a fair trial by the denial of his motion. *See Grounds*, 128 Ariz. at 15, 623 P.2d at 804.

**¶16** Further, the Confrontation Clause[4] prohibits the admission of an out-of-court statement of a witness who does not appear at trial if the statement is testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *See Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). Because no testimony of the confidential informant was offered against Appellant, Appellant's

---

[4] The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *See also* Ariz. Const. art. 2, § 24 ("In criminal prosecutions, the accused shall have the right . . . to meet the witnesses against him face to face . . . .").

rights under the Confrontation Clause were not implicated.  The trial court did not abuse its discretion, much less commit fundamental, reversible error in denying Appellant's motion to compel the identity of the State's confidential informant.

### III.    Other Issues

**¶17**        We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96.  The evidence presented at trial was substantial and supports the verdicts, and the sentences imposed were within the statutory limits.   Appellant was represented by counsel at all stages of the proceedings and allowed to speak at sentencing.  The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶18**        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

### CONCLUSION

**¶19**        Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama