NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICKY D. COOK, *Appellant*.

No. 1 CA-CR 16-0528
FILED 8-15-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-134743-001 SE
The Honorable John C. Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1          Ricky D. Cook ("Appellant") appeals his conviction and sentence for the sale of narcotic drugs.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record on appeal and has found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court granted counsel's motion to allow Appellant to file a supplemental brief *in propria persona*, and Appellant has done so, raising issues that we address.

¶2          We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).[1] Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

¶3          A grand jury issued an indictment charging Appellant with Count I, sale or transportation of narcotic drugs, a class two felony, in violation of A.R.S. § 13-3408 (2010), and Count II, possession or use of marijuana, a class six felony, in violation of A.R.S. § 13-3405 (Supp. 2016). Before trial, the State alleged that Appellant had multiple prior felony convictions for impeachment and sentencing purposes, and the trial court granted the State's motion to dismiss Count II without prejudice.

¶4          At trial on Count I, the State presented the following evidence:  On July 10, 2015, Detective Wheeler, an undercover officer for the Phoenix Police Department's Drug Enforcement Bureau, called Appellant—who he had previously met—and asked to purchase heroin. Appellant responded affirmatively, and Detective Wheeler drove to the apartment complex where Appellant lived and called to inform Appellant

---

[1]     We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2]     We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

that he was "in the parking lot." Appellant responded, "How much?" Detective Wheeler stated, "60," indicating sixty dollars' worth of heroin (or approximately one gram), and Appellant responded, "Okay. I'll be right down."

¶5        Appellant walked out of his apartment, spoke briefly with the detective, and exchanged a substance that appeared to be heroin for sixty dollars. Because Detective Wheeler was acting in an undercover capacity, he did not arrest Appellant at the time; instead, he took the substance to the Drug Enforcement Bureau and placed it in a temporary locker until it was taken to the Phoenix Crime Lab for analysis. A forensic scientist determined the substance was 1.0082 grams of black tar heroin.

¶6        On July 27, 2015, Detective Wheeler drove to the apartment complex where Appellant lived, parked across the street, and waited to see if Appellant would come out and drive away. Appellant did so, and Detective Wheeler requested that a marked police vehicle make a traffic stop of Appellant's vehicle. Phoenix Police Officer Janser conducted the stop, and after Appellant got out of his vehicle, Detective Wheeler drove by the scene in an unmarked vehicle with tinted windows and positively identified Appellant as the person who sold him the heroin on July 10.

¶7        In his notice of defenses, Appellant asserted the defenses of mistaken identification and alibi, and he presented an alibi witness at trial. Only Detective Wheeler, the forensic scientist, and Appellant's alibi witness testified at trial.

¶8        The jury found Appellant guilty as charged of Count I, sale of narcotic drugs, and further found the amount of the drugs was more than one gram. After finding that Appellant had five prior felony convictions, the trial court sentenced Appellant as a Category Two offender to the minimum term of six years' imprisonment, and credited Appellant for ninety-four days of presentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

### I.    *Alleged Hearsay Testimony*

¶9        Appellant argues the trial court erred in admitting hearsay testimony from the police officers. Most specifically, Appellant asserts the

court erred in allowing Detective Wheeler to refer to him as a "known drug dealer" when testifying to the jury.[3]

¶10      Before trial, Appellant moved for the court to preclude any evidence of "drug sale profile evidence"; i.e., testimony referring to him as "a known heroin dealer" and testimony that the amount and denominations of money he had when arrested were indicative of a drug dealer. The State responded that it did not intend to elicit such testimony, and the court precluded such testimony on direct examination. Contrary to Appellant's assertion, Detective Wheeler did not provide such testimony on direct, cross, or redirect examination, and accordingly, the court did not instruct the jury to disregard this "testimony," as Appellant further asserts. Consequently, we reject Appellant's argument that the court erred in allowing Detective Wheeler to refer to Appellant as a "known drug dealer" during his testimony to the jury. Moreover, our review of the trial transcripts reveals that Appellant did not object to any of Detective Wheeler's testimony on the basis that it was inadmissible hearsay, and we have found no fundamental, prejudicial error based on the erroneous admission of hearsay.

     *II.    Confrontation Clause*

¶11      Appellant also argues the trial court violated his rights under the Confrontation Clause[4] in denying his pretrial motion to compel disclosure of the identity of the State's confidential informant ("CI"), who did not testify at trial.

¶12      Appellant's argument revolves around the following facts: Before trial, Appellant conducted an in-person interview of Detective Wheeler on November 4, 2015. At the beginning of the interview, the detective stated a CI had initially been involved in the case, but the detective would not answer questions regarding the CI because the CI was

---

[3]    Officer Janser did not testify at trial, and no statements made by Officer Janser were admitted through Detective Wheeler or other witnesses. Accordingly, we reject Appellant's argument that the trial court erred in admitting hearsay testimony from Officer Janser.

[4]    The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *See also* Ariz. Const. art. 2, § 24 ("In criminal prosecutions, the accused shall have the right . . . to meet the witnesses against him face to face . . . .").

not a material witness to any crime with which Appellant had been charged. On November 5, Appellant moved to compel the State to disclose the name of the CI, the CI agreement, and any prior felonies of the CI. The next day, at the November 6 initial pretrial conference, the court ordered the State to disclose the requested items—before allowing the State to respond, and without an evidentiary hearing or oral argument. The State moved for reconsideration, arguing (1) it did not plan to call the CI as a witness or disclose anything related to the CI, (2) it could withhold the information under Arizona Rule of Criminal Procedure 15.4(b), and (3) Appellant had not meet his burden of showing the CI was a material witness under *State v. Grounds*, 128 Ariz. 14, 623 P.2d 803 (1981). Appellant did not respond to the State's motion for reconsideration, and the court granted the motion and vacated its November 6 order.

¶13        Appellant then moved for the court to order a deposition of Detective Wheeler or a follow-up interview in which the detective would be compelled to answer any questions regarding the CI. The State argued the motion was a "back-door" attempt to discover the identity of the non-material CI and circumvent the court's previous order, and that disclosing the CI's identity would decrease the CI's operational effectiveness and place the CI at risk of retribution. After Appellant filed a reply, the court denied his request.

¶14        Appellant later filed a notice of intent to elicit testimony from Detective Wheeler at trial about the CI to explain how the detective and Appellant "became involved with each other" and to explore areas "of possible bias, motive and prejudice." The State objected and moved to preclude such questioning as irrelevant and therefore inadmissible under Arizona Rules of Evidence 401 and 402. Trial commenced on April 11, 2016, and before selection of the jury, the court ruled that it would allow Appellant to conduct a follow-up interview of the detective, but further stated it would sustain objections to questions regarding "any specific dates or times or places [that] would tend to compromise the identity of the [CI]" or questions "that would identify who that person was or any of the characteristics of that person." The State agreed not to mention the CI on direct examination of Detective Wheeler, and the court stated it would further address the State's objection and the scope of the detective's testimony the next day.

¶15        Detective Wheeler testified the next day, and the State did not elicit any testimony regarding the CI on direct examination. During a recess before cross-examination, the State informed the court that the follow-up interview of the detective had been conducted, and the detective had

answered questions regarding his prior contact with Appellant. The State expressed concern that the jury might have to be instructed on CI materiality if Appellant questioned the detective about not answering Appellant's questions in the first interview and then subsequently answering them. The court stated it would rule on any objections as raised. On cross-examination, Appellant did not question the detective about the CI, and no mention of the CI was made on redirect examination.

¶16        "Disclosure of the existence of an informant or of the identity of an informant who will not be called to testify" is not required if "disclosure would result in substantial risk to the informant or to the informant's operational effectiveness, provided the failure to disclose will not infringe the constitutional rights of the accused." Ariz. R. Crim. P. 15.4(b)(2). A defendant seeking to overcome the State's policy of protecting an informant's identity bears the burden of demonstrating the informant "would be a material witness on the issue of guilt which might result in exoneration and that nondisclosure of his identity would deprive the defendant of a fair trial." *Grounds*, 128 Ariz. at 15, 623 P.2d at 804 (quoting *State v. Tuell*, 112 Ariz. 340, 343, 541 P.2d 1142, 1145 (1975), *abrogated on other grounds by State v. Duran*, 233 Ariz. 310, 313, ¶¶ 17-18, 312 P.3d 109, 112 (2013)); *accord State v. Robles*, 182 Ariz. 268, 271, 895 P.2d 1031, 1034 (App. 1995). To make this showing, however, the defendant must provide evidence, such as "sworn affidavits, stipulated facts, depositions, and oral testimony." *Grounds*, 128 Ariz. at 15, 623 P.2d at 804; *accord Robles*, 182 Ariz. at 271, 895 P.2d at 1034 (affirming the denial of a motion for disclosure for failure to present evidence in support of the appellant's claim that the confidential informant had entrapped him). "A mere possibility or speculative hope that an informant might have other information which might be helpful to the defendant is insufficient" to compel disclosure. *State ex rel. Berger v. Superior Court (Sorum)*, 21 Ariz. App. 170, 172, 517 P.2d 523, 525 (1974).

¶17        In this case, Appellant did not seek an evidentiary hearing in support of his initial disclosure motion or present any affidavit, deposition testimony, or other evidence in support of that motion. Instead, as in *Grounds* and *Robles*, only defense counsel's bare argument was presented in support of the requested disclosure. Those courts found argument alone insufficient, and so do we. *See Grounds*, 128 Ariz. at 15, 623 P.2d at 804; *Robles*, 182 Ariz. at 271, 895 P.2d at 1034. Further, after Appellant was afforded the opportunity to re-interview Detective Wheeler, Appellant did not re-urge disclosure of the identity of the CI based on newly discovered material evidence. The testimony of Detective Wheeler indicates the CI was not present during the heroin sale, and thus supports the trial court's

decision to deny Appellant's motion, and Appellant has presented no other evidence that would support disclosure of the CI. Accordingly, disclosure of the CI's identity would have been inappropriate, and Appellant has not sustained his burden of proving he was deprived of a fair trial by the denial of his disclosure motion. *See Grounds*, 128 Ariz. at 15, 623 P.2d at 804.

**¶18** Further, the Confrontation Clause prohibits the admission of an out-of-court statement of a witness who does not appear at trial if the statement is testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Because no testimony of the CI was ever offered, Appellant's rights under the Confrontation Clause were not implicated. The trial court did not abuse its discretion, much less commit fundamental, reversible error in denying Appellant's motion to compel the identity of the CI.[5]

### III. Alleged Bad Act Evidence

**¶19** Appellant next argues he was deprived of a fair trial because the trial court erred in admitting "bad act" evidence in violation of Arizona Rule of Evidence 404(b). Appellant notes that the sale and testing of the heroin at issue did not occur on the same day he was arrested, and he argues that "[a]dmission of [the sale and testing] testimony was prejudicial error since it involved other bad act evidence remote from the charged offenses." He further contends that "painting Appellant to be in possession (17) days after the purported sale[] in this case was prejudicial reversible error."

**¶20** Appellant misapprehends Rule 404(b), which prohibits admitting evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith; [but allows the evidence to be admitted] for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). The rule does not prohibit witnesses from testifying about a charged crime that occurred days (or longer) before a defendant's arrest or prohibit evidence related to that crime from being collected or produced before or after a defendant's arrest.

---

[5] Further, to the extent that Appellant argues his confrontation rights were violated because other police officers involved in the investigation did not testify, no statements from those officers were introduced at trial, and nothing prevented Appellant from calling those officers as witnesses.

Nothing in Appellant's argument supports his assertion that the trial court violated Rule 404(b).

### IV.    Alleged Insubstantial Evidence

**¶21**    Appellant also argues that his due process rights were violated because his convictions on Counts I and II were not supported by substantial evidence. He maintains that "conviction for either offense required proof beyond a reasonable doubt that [he] actually or constructively possessed the drugs and baggie at issue."

**¶22**    As for Count I, the evidence presented at trial was substantial and supports the verdict. As relevant here, the jury was instructed that the crime of selling narcotic drugs requires proof that (1) the defendant knowingly sold a narcotic drug, and (2) the substance was, in fact, a narcotic drug. *See also* A.R.S. § 13-3408(A)(7). The testimony of Detective Wheeler, supported by the testimony of the forensic scientist, provided substantial evidence from which the jury could find beyond a reasonable doubt that Appellant committed this crime.

**¶23**    As for Count II, Appellant was neither tried for nor convicted of that count. Instead, the State sought dismissal of Count II before trial, Appellant did not object, and the trial court granted the State's motion to dismiss Count II without prejudice. Appellant later moved for the court to preclude any evidence or mention of his alleged marijuana possession, and the court granted the motion. Accordingly, no evidence related to the previously dismissed Count II was presented at trial, and Appellant's argument that substantial evidence did not support his conviction on Count II is a non sequitur.

### V.    Alleged Prosecutorial Misconduct

**¶24**    Appellant argues that the prosecutor committed misconduct by impermissibly vouching for Detective Wheeler during the State's rebuttal in closing argument.

**¶25**    "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that '(1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying [the] defendant a fair trial.'" *State v. Moody*, 208 Ariz. 424, 459, ¶ 145, 94 P.3d 1119, 1154 (2004) (citation omitted). Prosecutorial misconduct is not merely "legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial." *Pool*

*v. Superior Court*, 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984) (footnote omitted). To justify reversal, the misconduct "must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (citations omitted). Even then, reversal is not required unless the defendant was denied a fair trial. *State v. Bible*, 175 Ariz. 549, 600, 858 P.2d 1152, 1203 (1993).

**¶26** It is improper for a prosecutor to vouch for the credibility of the State's witnesses. *State v. Salcido*, 140 Ariz. 342, 344, 681 P.2d 925, 927 (App. 1984). "Prosecutorial vouching occurs 'when the prosecutor places the prestige of the government behind its witness,' or 'where the prosecutor suggests that information not presented to the jury supports the witness's testimony.'" *State v. Garza*, 216 Ariz. 56, 64, ¶ 23, 163 P.3d 1006, 1014 (2007) (citing *State v. Dumaine*, 162 Ariz. 392, 401, 783 P.2d 1184, 1193 (1989), *disapproved on other grounds by State v. King*, 225 Ariz. 87, 89–90, ¶¶ 9-12, 235 P.3d 240, 242-43 (2010)).

**¶27** We have reviewed the entirety of the prosecutor's closing arguments, including rebuttal, and conclude that the prosecutor's remarks do not constitute impermissible prosecutorial vouching.[6] The prosecutor neither placed the prestige of the government behind the detective by providing personal assurances of his veracity nor bolstered the detective's credibility by referencing matters outside the record. *See State v. King*, 180 Ariz. 268, 277, 883 P.2d 1024, 1033 (1994) (citation omitted). Further, "during closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions." *Bible*, 175 Ariz. at 602, 858 P.2d at 1205. The prosecutor did precisely that. Viewed in context, the prosecutor's arguments made clear it was for the jury alone to determine the credibility of the witnesses. The prosecutor did not commit misconduct by his remarks, much less fundamental, reversible error.

    *VI.    Other Issues*

**¶28** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The

---

[6] Moreover, several quotations that Appellant attributes to the prosecutor in his supplemental brief do not appear in the transcript of the closing arguments.

proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶29** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶30** Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA