NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RASHAWN MARK BERHANE, *Petitioner*.

No. 1 CA-CR 25-0233 PRPC

FILED 05-01-2026

Appeal from the Superior Court in Maricopa County
No. CR2016-135368-001
The Honorable Geoffrey H. Fish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Rashawn Mark Berhane, Eloy
*Counsel for Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1 Defendant Rashawn Mark Berhane petitions for review from the superior court's denial of his first request for post-conviction relief. For the following reasons, this Court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2 This Court previously detailed the facts of this case in its memorandum decision, *State v. Berhane*, 1 CA-CR 18-0572, 2020 WL 2988842, at *1, ¶¶ 1–5 (Ariz. App. June 4, 2020) (mem. decision). This decision supplements those facts to address the issues in Berhane's petition.

¶3 In the summer of 2016, an undercover detective received information from a confidential informant that a male named "G" was selling crack cocaine. The informant identified the residence where the sales occurred and had no further involvement in the investigation. The detective met Berhane, who identified himself as "G." After meeting the detective, Berhane, who was serving a term of probation for two felony offenses, sold him narcotic drugs on three separate occasions over the span of two weeks. The State charged Berhane with three counts of Sale or Transportation of Narcotic Drugs, a class 2 felony, for the separate dates of violation.

¶4 Before trial, Berhane attempted to learn the confidential informant's identity. One of Berhane's attorneys filed a motion requesting the informant's identity. The State opposed the motion. Meanwhile, Berhane waived his right to counsel, ending his counsel's representation and began representing himself with appointed advisory counsel. Berhane then filed a reply. The court denied Berhane's motion to identify the informant, finding that Berhane did not prove disclosure necessary and that Berhane "apparently already [knew] the confidential informant according to the information provided in the reply." Berhane moved to reconsider, which the court also denied. Berhane filed a second motion seeking reconsideration of the issue, and again the court denied after permitting Berhane to argue his position.

¶5        Throughout the four-day jury trial, Berhane represented himself with the assistance of appointed advisory counsel. The jury acquitted Berhane on one count of Sale or Transportation of Narcotic Drugs but convicted him on the remaining counts. The court sentenced Berhane to concurrent terms of 18.75 years' imprisonment for each of the drug sales.

¶6        Berhane appealed, arguing the court erred when it denied his request for the identity of the informant and his request for an evidentiary hearing. This Court affirmed Berhane's convictions and sentences, finding no error occurred because Berhane could not prove "the informant could testify on the merits of the case." *See Berhane*, 1 CA-CR 18-0572, at *2, ¶ 13. Moreover, this Court held the superior court did not err in denying Berhane's motion without an evidentiary hearing. *Id.* at *3, ¶ 14. This Court reasoned Berhane failed to establish "competent evidence," especially when the court permitted him to explain his arguments at the pretrial hearing. *Id.*

¶7        After losing his appeal, Berhane petitioned the superior court for post-conviction relief, asserting the same claims he raised in his appeal and adding a claim of ineffective assistance of counsel. The superior court summarily dismissed his petition for post-conviction relief because he failed to assert a material issue of law. The superior court found it "lack[ed] jurisdiction to rule on the merits of a petition for post-conviction relief where no ground cognizable under Rule 33 has been asserted."

¶8        This Court has jurisdiction under A.R.S. § 13-4239(C).

## DISCUSSION

¶9        Berhane argues the court erred in ruling that he failed to establish a colorable claim of (1) ineffective assistance of counsel and (2) the need for an evidentiary hearing on the issue of the confidential informant's identity. This Court reviews the dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Abuse of discretion occurs when "the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). The petitioner bears the burden of demonstrating the superior court erred. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021).

### I.    No error occurred despite the court's ruling under Rule 33.

¶10        The superior court dismissed Berhane's post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 33, despite Berhane's

pleading not guilty. Rule 32, not Rule 33, applies when a defendant is convicted after a trial rather than through a plea. Ariz. R. Crim. P. 33. Despite this error, this Court can "affirm the trial court if it was correct, even though it was correct for the wrong reason." *State v. Claxton*, 122 Ariz. 246, 249 (App. 1979); *see also Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006) (citation omitted).

## II.    Berhane's ineffective assistance of counsel claim holds no merit.

**¶11**        Berhane contends his counsel failed to argue *State v. Grounds*, 128 Ariz. 15 (1981), which entitles him to relief. He also argues that when the superior court considered his ineffective assistance of counsel claim, "its ruling [was] not based on evidence."

**¶12**        A defendant establishes a colorable claim of ineffective assistance of counsel when the defendant shows (1) counsel's performance did not meet objectively reasonable standards and (2) counsel's representation prejudiced him. *Bennett*, 213 Ariz. at 567, ¶ 21 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A court determines counsel's conduct through "the practice and expectations of the legal community and asks, in light of all circumstances, whether counsel's performance was reasonable under the prevailing professional norms." *Bigger*, 251 Ariz. at 407, ¶ 8 (quoting *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 5 (2017)). A defendant can show prejudice if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bennett*, 213 Ariz. at 568, ¶ 25 (quotation omitted). If a defendant presents a colorable claim, the defendant is entitled to an evidentiary hearing on the merits of the claim. *Id.* at 569, ¶ 30; Ariz. R. Crim. P. 32.13(a).

### A.    *Grounds* does not apply to Berhane's claim

**¶13**        In *Grounds*, the Arizona Supreme Court vacated and remanded the court's order requiring disclosure of an informant's name and address. 128 Ariz. at 14–15. It reasoned that the defendant bears the burden to "establish that the informant could testify on the merits of the case." *Id.* at 15. And in that case, no evidence in the record supported disclosure. *Id.* On remand, the defendant had the opportunity to reassert his motion seeking disclosure and submit evidence to support it.

**¶14**        Berhane contends he was entitled to relief because if his appellate counsel had argued *Grounds*, Berhane could have reasserted his motion seeking disclosure of the informant's identity. But Berhane misinterprets the applicability of *Grounds* to his appeal. Though the

Supreme Court allowed the defendant in *Grounds* to reassert a motion for disclosure, it did so because the superior court granted the initial disclosure despite insufficient evidence. *Id.* at 15. *Grounds* makes clear that the defendant must first meet the burden of showing that the informant can provide testimony relevant to the merits of the case. *Id.* at 15. Here, the court denied Berhane's disclosure request because he presented insufficient evidence that the informant would provide material evidence. *Grounds* underscores the flaw in Berhane's argument.

¶15　　　　Though Berhane asserts his argument about *Grounds* through his ineffective assistance of counsel claim, this Court addressed the applicability of *Grounds* in his direct appeal. *Berhane*, 1 CA-CR 18-0572, at *2, ¶ 13. There, this Court noted that "Berhane did not provide competent evidence in support of the disclosure." *Id.* Whether or not counsel asserted *Grounds*, Berhane's disclosure was insufficient. This Court will not revisit its prior decision on this issue.

### B. The court properly found Berhane failed to state a colorable claim

¶16　　　　Berhane next argues the superior court erred in finding he failed to state a colorable claim for ineffective assistance of counsel. The court found that (1) Berhane acted as his own attorney and (2) the superior court heard his claims which were then reviewed on direct appeal, precluding post-conviction relief.

¶17　　　　Courts hold self-represented litigants "to the same standards as attorneys and [courts] do not afford them special leniency." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022). The defendant bears the burden to prove ineffective assistance of counsel claims by a preponderance of the evidence. *State v. Gerlaugh*, 144 Ariz. 449, 454–55 (1985).

¶18　　　　Here, Berhane controlled the record at trial, and he was responsible for presenting arguments supporting the need for the informant's testimony. Three separate attorneys represented Berhane at various times before trial began. But Berhane asked the court to allow him to represent himself. Though the superior court allowed Berhane to represent himself, it also appointed advisory counsel, who remained in place for the duration of the trial. Representing himself, Berhane noted that he knew the identity of the confidential informant through personal contact, which included three visits from the informant at his home. But Berhane failed to call the informant as a witness.

**¶19** Berhane then filed a motion for a new trial, which the superior court denied. While counsel represented Berhane after the trial, his representation was limited to motions, memorandums and a notice of appeal. Berhane represented himself during the trial and was therefore responsible for asserting any defenses or objections.

**¶20** Berhane also contends that the record does not support the trial court's ruling. But no evidence supports that appellate counsel's conduct fell below professional norms. Because Berhane controlled the record, he was responsible for providing the evidence he wanted the court to consider, and the court could not consider any facts outside the record. *See State v. Kiles*, 222 Ariz. 25, 35, ¶ 43 (2009). No error occurred.

### III.   Berhane's evidentiary hearing argument is precluded.

**¶21** Berhane finally claims the superior court denied him the ability to develop his factual claims regarding the informant's identity when it failed to hold an evidentiary hearing. This Court reviews a court's decision not to hold an evidentiary hearing for an abuse of discretion. *See State v. Hulsey*, 243 Ariz. 367, 377, ¶ 21 (2018). But Rule 32.2(a) precludes claims "finally adjudicated on the merits in an appeal" from consideration on post-conviction review. Ariz. R. Crim. P. 32.2(a); *see State v. Anderson*, 257 Ariz. 226, 231, ¶ 20 (2024).

**¶22** Because this Court considered Berhane's evidentiary hearing claim on appeal, Rule 32.2(a)(2) precludes him from reasserting the same claim in his post-conviction petition. Ariz. R. Crim. P. 32.2(a)(2). Thus, the superior court's finding that "[n]o purpose would be served by further proceedings" was proper. The court did not err in its denial of Berhane's ineffective assistance of counsel claim and preclusion of an evidentiary hearing.

### CONCLUSION

**¶23** This Court grants review but denies relief.

